UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SAMNITA S. ANWER and
MOHAMMAD B. ANWER,

      Plaintiffs,

v.                                    Case No: 6:24-cv-1174-PGB-EJK

FEDERAL INSURANCE
COMPANY,

      Defendant.

## ORDER

This cause comes before the Court on Defendant's Unopposed Motion To Set Aside State Court's Clerk's Default (the "Motion") (Doc. 12), filed July 30, 2024. Upon consideration, the Motion is due to be granted.

Plaintiffs instituted this action in the Circuit Court for the Ninth Judicial Circuit, in and for Orange County, Florida, on May 16, 2024. (Doc. 1-1 at 6.) Because Defendant failed to plead or otherwise defend the action in state court, Plaintiffs moved for entry of a clerk's default. (*Id*. at 28-29.) A clerk's default against Defendant was entered thereafter. (*Id*. at 30-31.) The case was removed to the U.S. District Court on June 26, 2024 (Doc. 1), and Defendant filed the present Motion on July 30, 2024. (Doc. 12.)

A court may set aside the entry of a clerk's default for "good cause." Fed. R. Civ. P. 55(c). "Good cause" is a mutable standard that varies from situation to

situation. *Sobkowski v. Wyeth, Inc.*, No.5:04 CV 94-OC-10GRJ, 2004WL 3569703, at *2 (M.D. Fla. June 4, 2004) (citing *Compania Interamericana Export–Import, S.A. v. Compania Dominicana De Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996)). It is also a liberal standard, "but not one so elastic as to be devoid of substance." *Sobkowski*, 2004 WL 3569703, at *2.

Factors for determining whether to set aside a clerk's default include: "(1) whether the default is culpable or willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense." *Bradley v. Accredited Roofing Techs., LLC*, No. 8:14-cv-210-T-33TBM, 2014 WL 1572614, at *1 (M.D. Fla. Apr. 17, 2014) (citing *Compania*, 88 F.3d 948, 951 (11th Cir. 1996)). Other factors the *Bradley* court noted are: "(4) whether the public interest is implicated; (5) whether the defaulting party will experience significant financial loss; and (6) whether the defaulting party acted promptly to correct the default." *Id.* (citing *Global Aerospace, Inc. v. Platinum Jet Mgmt., LLC*, No. 09–cv–60756, 2010 U.S. Dist. LEXIS 12700, at *10 (S.D. Fla. Jan. 28, 2010)).

This Court finds that Plaintiffs will not be prejudiced by vacating the default because they are not opposed to the Motion. Whereas, Defendant would experience significant financial loss if Defendant were to default since Plaintiffs seek damages exceeding fifty thousand dollars. (Doc. 1-1 at 5.) Moreover, Defendant acted promptly to correct the default by retaining counsel the day after Plaintiffs moved for entry of a Clerk's default. (Doc. 12. at 1.) Finally, given that defaults are disfavored, the balance of consideration weighs in favor of vacating the default. *Fla. Physician's Ins. Co. v.*

*Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) ("[D]efaults are seen with disfavor because of the strong policy of determining cases on their merits.").

Accordingly, it is hereby **ORDERED** that Defendant's Motion to Set Aside State Court's Clerk's Default (Doc. 12) is **GRANTED**. The clerk's entry of default as to Federal Insurance Company (Doc. 1-1 at 30-31) is **VACATED**.

**DONE** and **ORDERED** in Orlando, Florida on August 23, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE